JAMES H. VAN GELDER, Appellant, *v.* DAVID H. VAN GELDER et al., Respondents.

This action was brought by plaintiff, as son and heir-at-law of D., to set aside a conveyance of real and personal property executed by the latter to defendants, D. H. and J., on the ground of mental incapacity, and of fraud and undue influence. Both of these issues were found against plaintiff. By the terms of the conveyance the grantees covenanted to pay two-thirds of the expenses of the support and maintenance of D. and wife during their lives respectively. The complaint alleged that plaintiff had boarded and cared for said D. and wife up to their deaths, and asked for an accounting and payment therefor out of the estate conveyed. *Held*, that plaintiff was not entitled to a reference to ascertain the amount due to him, if any, for such support and maintenance, both because it was inconsistent with the main relief sought by the complaint, and because the covenant was not with and for the benefit of the plaintiff; and consequently he could not maintain an action upon it.

(Argued May 21, 1879; decided June 3, 1879.)

APPEAL from judgment of the General Term of the Supreme Court, in the third judicial department, affirming a judgment in favor of defendants, entered upon a decision of the court on trial without a jury.

The nature of the action and the facts are set forth sufficiently in the opinion.

*J. Newton Fiero*, for appellant.

*James B. Olney*, for respondents.

RAPALLO, J.    This was an action brought by plaintiff as son and heir-at-law of Peter Van Gelder, deceased, to set aside a deed of conveyance of real and personal estate made by said Peter Van Gelder and his wife to their sons, David H. and Jacob Van Gelder, dated May 30, 1872, on the ground of the mental incapacity of the grantor, Peter, and of the fraud and undue influence of the grantees.

The case was tried before the court without a jury, and the judge found against the plaintiff on both issues.    The evidence and findings of fact were reviewed at the General Term and the findings sustained.    We have examined the testimony sufficiently to ascertain that none of the findings of fact are entirely unsupported by evidence, and consequently they cannot be disturbed by this court.

The claim of the plaintiff to a reference in this action, to ascertain the amount if any due to the plaintiff for the support of Peter Van Gelder and his wife as alleged in the complaint, cannot be . sustained.    In the deed sought to be set aside, the grantees covenanted with the grantors to pay two-thirds of the expenses of their maintenance during their lives and the life of the survivor.    The claim to an accounting in respect of these expenses, besides being subject to the objection that it is inconsistent with the main relief sought by the complaint, which was to set aside the deed, is subject to the further objection that the covenant was with Peter Van Gelder and his wife, and not with the plaintiff, and that the plaintiff is not a party to the deed in which the covenant is contained, and it was not made for his benefit, and consequently he can maintain no action upon it.

The objections to the rulings of the court upon questions of evidence are sufficiently answered in the opinion at General Term.

The point urged, that the findings of fact are shown by

the opinion of the trial judge to have been founded on an erroneous view of the law, and are therefore reviewable here, is not tenable. Error cannot be shown in that manner. The only question which we can consider is whether there is any evidence to support a finding. If there is, it cannot be reviewed in this court, and this question must be determined by reference to the testimony and not to the reasoning of the opinion. But we find no such error in the reasoning of the judge as is alleged. There was evidence in the case that at the time of the execution of the deed, the grantor was of sound mind. There was also evidence of unsoundness at periods prior and subsequent. The judge gave credit to the evidence showing the grantor to have been of sound mind at the time of the execution of the deed, and reconciled any apparent conflict in the testimony by the theory that there were lucid intervals when his mind was clear. There is nothing inconsistent in this view, nor does it show error in the finding that Peter Van Gelder was at the time of executing the deed, competent.

There is no point taken on this appeal which is in our opinion tenable, and the judgment should be affirmed, with costs.

All concur.

Judgment affirmed.